I .PETTIGREW, J.
In these consolidated actions, purchaser of property at tax sale appeals from the trial court’s grant of summary judgment in favor of out-of-state taxpayer and mortgage holder that annulled the underlying judgment of monition as well as the earlier tax sale. For the reasons that follow, we hereby affirm.
FACTS
Yoram Raz (“Mr.Raz”) purchased Lot 106 in Kenilworth Subdivision at a tax sale held by the Sheriff of East Baton Rouge Parish, Louisiana, on June 27, 1997. Said property (“subject property”) bore a municipal address of 946 Kenilworth Parkway, Baton Rouge, Louisiana. In the three-year redemption period following the sale, the subject property was not redeemed, and Mr. Raz continued to pay the property taxes for each of the following three years — 1997, 1998, and 1999. On July 26, 2000, Mr. Raz filed a Petition for Monition in the Nineteenth Judicial District wherein he sought to confirm and homologate his acquisition of the subject property.[1] A notice of publication was filed on August 29, 2000, attesting to the fact that a public notice of the monition was published in “The Advocate” newspaper on August 4, 2000 and August 25, 2000. There being no opposition to the monition proceeding, a default judgment confirming and homologating the sale of the subject property was entered by the duty judge and signed on September 18, 2000.
On October 20, 2000, Sondra H. Mars-hak (“Ms.Marshak”), the registered owner of the subject property, filed a separate action in the Nineteenth Judicial District and named Mr. Raz and East Baton Rouge Parish Sheriff Elmer Litchfield as defendants therein. Through this action, Ms. Marshak, now a California domiciliary, claimed that she had been unaware of the monition proceeding, and petitioned to annul the tax sale and restore her possession of the subject property based upon the allegation that she did not receive a tax notice in 1996. Ms. Marshak further sought issuance of a preliminary injunction to restore her possession of the subject property and further enjoin Mr. Raz from taking |3action as owner of the subject property during the pendency of these proceedings. This action was entitled Sondra H. Marshak v. Yoram Raz and Sheriff Elmer Litchfield and was assigned Docket # 477,454-J of the Nineteenth Judicial District Court. On November 16, 2000, Mr. Raz responded by filing a peremptory exception raising the objection of res judicata. Bankers Trust Company (“Bankers Trust”), the holder of a mortgage affecting the subject property, filed an amended petition on December 6, 2000, and enrolled as an additional plaintiff in this matter.
Also, on November 16, 2000, Ms. Mars-hak timely filed a devolutive appeal of the judgment in the monition proceeding. This appeal was designated 2001-CA-0014. Later, on December 14, 2000, Ms. Mars-hak and Bankers Trust Company filed a Petition to Nullify Judgment on Monition in the district court under the same docket number of the matter appealed. Pursuant to an order dated January 22, 2001, the Louisiana First Circuit Court of Appeal issued an order staying consideration of Ms. Marshak’s appeal pending a determination by the Nineteenth Judicial District *366 Court in the separate action instituted by Ms. Marshak against Yoram Raz and Sheriff Elmer Litchfield[2], as well as a determination of the Petition to Nullify Judgment on Monition subsequently filed in the district court under the docket number of the matter appealed. On February 5, 2001, Mr. Raz filed a similar peremptory exception raising the objection of res judi-cata.
Following a hearing held on April 2-3, 2001, the trial court relied upon the original monition judgment rendered in docket # 474,705-1 and upheld the exception as to res judicata filed by Mr. Raz in suit # 477,454-J. A judgment dismissing the claims of Ms. Marshak and Bankers Trust in suit number 477,454-J was signed on April 26, 2001. (R-37) The judgment upholding the exception was not appealed by Ms. Marshak and Banker’s Trust. Ms. Marshak and Bankers Trust nevertheless filed a timely Motion for New Trial on May 4, 2001; however, this motion was never heard. (R-173)
| ¿Upon motion of Ms. Marshak and Bankers Trust, and following a hearing held on June 25, 2001, the case entitled Sondra H. Marshak v. Yoram Raz and Sheriff Elmer Litchfield and bearing docket # 477,454-J, was consolidated into the earlier case entitled Yoram Raz Praying for Monition bearing docket # 474,705-1.
Thereafter, numerous motions were filed by both sides in the consolidated matters. On January 27, 2003, Division I of the trial court granted summary judgment in favor of Ms. Marshak and Bankers Trust and denied the cross motion for summary judgment brought by Mr. Raz. In granting summary judgment in favor of Ms. Mars-hak and Bankers Trust, the trial court nullified the underlying tax sale due to the failure to notify any mortgagee of the tax delinquency, the tax, the pending tax sale, or the outcome of the tax sale. Additionally, the trial court nullified the previously rendered judgment of monition. A judgment to this effect was signed on February 27, 2003. From this judgment, Mr. Raz has appealed.[3]
ASSIGNMENT OF ERRORS
In connection with his appeal in this matter, Mr. Raz asserts that the trial court erred with respect to the following:
1. In annulling not only the judgment of monition, but also the underlying tax sale;
2. In annulling the tax sale based upon lack of notice to the mortgagee; and
3. In annulling the judgment of monition rendered by the duty judge.
SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Coop., Inc., 2001-2956, p. 3 (La.App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of ^material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, *367 and inexpensive determination of every action. La.Code Civ. P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., 2002-0338, pp. 4-5 (La.App. 1 Cir. 2/14/03), 845 So.2d 498, 501-502.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Robles v. ExxonMobile, 2002-0854, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Allen v. State ex rel. Ernest N. Morial New Orleans Exhibition Hall Authority, 2002-1072, p. 5 (La.4/9/03), 842 So.2d 373, 377. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038, p. 7 (La.App. 1 Cir. 9/25/98), 722 So.2d 1, 4, writ denied, 98-2703 (La.12/18/98), 734 So.2d 637.
DISCUSSION
In his initial assignment of error, Mr. Raz contends that the underlying tax deed that he received from the sheriff is good and valid, even if the monition judgment is set aside. Mr. Raz relies upon La. R.S. 13:4947 as authority for the proposition that the trial | ficourt’s judgment confirming and homologating the sale was not subject to attack. Ms. Marshak and Bankers Trust argue that the prescriptive periods enumerated in La. R.S. 47:2228 are controlling, and that Mr. Raz’s action in monition was premature.
Monition is a procedure by which purchasers of property at sheriffs’ sales and other sales “made by the authority of justice” may protect themselves from eviction of the property so purchased, or from any responsibility as possessors. La. R.S. 13:4941. The purpose of monition is to confirm or homologate the judicial sale by showing that the sale was properly advertised, the property was correctly described, and the price was actually paid. La. R.S. 13:4945. The judgment of the court confirming and homologating the sale has the force of res judicata. La. R.S. 13:4947. However, a monition judgment cannot cure an absolute nullity. Hubbs v. Canova, 401 So.2d 962, 964 (La.1981). An absolutely null judgment is not res judica-ta and may be collaterally attacked. Corcoran v. Gauthier, 97-0516, p. 6 (La.App. 4 Cir. 1/7/98), 705 So.2d 1233, 1236, writ denied, 98-0342 (La.3/27/98), 716 So.2d 888; see also LaBove v. Theriot, 597 So.2d 1007, 1011 (La.1992).
The procedure for quieting tax titles is set forth in La. R.S. 47:2228, which provides:
After the lapse of three years from the date of recording the tax deed in the conveyance records of the parish where *368 such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property, in which petition must appear a description of the property, mention of the time and place of the sale and name of officer who made same, reference to page of record book and date of recording tax deed, notice that petitioner is owner of the said property by virtue of said tax sale, and notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation. This suit shall be brought in the parish where the property is situated unless it lies in two or more parishes, in which case this suit may be instituted in either of such parishes. The petition and citation shall be served as in ordinary suits; provided, that if the former proprietor be a nonresident of the state, or unknown, or his residence be unknown, the court shall appoint a curator ad hoc to represent him and receive service, and said curator shall receive for his services a reasonable fee to be fixed by the court in each suit, the same to be taxed as costs of suit. After the lapse of six months from the date of service of petition and citation, if no proceeding to annul the sale has been instituted, judgment shall be rendered quieting and confirming the title.
|7In all cases where tax titles have been quieted by prescription of five years under the provisions of Section 25 of Article VII of the Constitution of 1974, the purchaser or his heirs or assigns may, if he or they so desire, either obtain a judgment of the court confirming the title by suit in the manner and form as hereinabove set out, except that the delay for answer shall be ten days instead of'six months, or the purchaser or his heirs or assigns may, at his or their option, quiet the title by monition proceeding, as provided by law relative to sheriffs’ sales and tax sales; provided that the failure to bring suit shall in no manner affect such prescriptive titles.
Nothing in this Section shall be construed to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.
It is undisputed that Mr. Raz filed his monition proceeding approximately three years after obtaining title to the property. Pursuant to the foregoing statutory provisions, any action to quiet tax title brought between three and five years of receipt of title must be brought by ordinary proceeding in the parish where the property is situated and served with citation upon the former proprietor or proprietors. The petition must contain a description of the property, mention of the time and place of the sale, the name of the officer conducting the sale, a reference to page of record book and date of the tax deed was recorded, a notice that petitioner is now the owner of the said property by virtue of said tax sale, and a notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation. The statute further provides that if the former proprietor is not a Louisiana resident, or if the proprietor’s whereabouts are unknown, a curator ad hoc shall be appointed by the court to receive service on behalf of the former proprietor. This was not done by Mr. Raz.
Mr. Raz instead relies upon La. R.S. 13:4947, which provides as follows:
The judgment of the court, confirming and homologating the sale, shall have *369 the force of res judicata, and operate as a complete bar against all persons, whether of age or minors, whether present or absent, who may thereafter claim the property sold, in consequence of all illegality or informality in the proceeding, whether before or after judgment. The judgment of homologation shall in all cases be received and considered as full and conclusive proof that the sale was duly made according to law, in virtue of a judgment or order legally and regularly pronounced on the interest of parties duly represented.
Additionally, La. R.S. 13:4951 provides:
The provisions of R.S. 13:4950 shall be extended to tax sales; provided, that such tax sales are made and recorded at least three years | ^previous to the application for monition. The effect of such proceedings and the judgment rendered therein shall be to confirm the tax sale and to cure all nullities therein, in like manner, and with the same effect as if the proceedings had been had under, and in accordance with, R.S. 47:2228.
The obvious conflict regarding the delay period for obtaining a grant of monition and a judgment to quiet a tax title was addressed by the third circuit in its opinion in Gunter v. Moore, 2002-1126 (La.App. 3 Cir. 2/5/03), 838 So.2d 118. In Gunter, the third circuit opined:
In reviewing the history of our Constitution and these statutes, we find an explanation for this inconsistency. Under the Louisiana Constitution of 1898, monition proceedings became inapplicable to tax sales, and the Constitution, itself, provided the exclusive procedure for quieting tax titles. The Constitution of 1921 stated that “[t]he manner and notice of form and proceeding to quiet tax titles shall be provided by law,” making the statute, regarding monition procedures, applicable again. However, the 1921 Constitution allowed a one-year redemption period and a three-year prescription period. Therefore, at that time, the three-year period for the monition petition would have coincided with the prescriptive period, rather than the redemption period. Thereafter, in 1932, the Constitution was amended to the current three-year and five-year periods. Therefore, when La. R.S. 47:2228, the procedure to quiet tax titles, was enacted in 1934, the Constitution had already been amended to reflect the three-year and five-year time periods, and the legislature drafted the statute to reflect them.
Additionally, in La. R.S. 47:2228, the legislature permitted a purchaser to elect to bring a monition proceeding instead of the action to quiet tax titles “[i]n all cases where tax titles have been quieted by prescription of five years under the provisions of Section 11 of Article X of the Constitution of 1921.” This coincides with the prescriptive period under the Constitution. In 1978, the statute was amended to reflect the change in the Constitutional provisions from this section to “Section 25 of Article VII of the Constitution of 1974;” however, neither this amendment nor the 1974 Constitution altered the time periods, in question; nor did either reflect any substantive changes that are relative to our analysis in this case.
Accordingly, we find that the history of this statutory scheme reveals that the legislature intended that the delay for bringing a monition proceeding, as an alternative to a suit to quiet tax titles, should coincide with the five-year prescriptive, as opposed to the three-year redemption period; and La. R.S. 13:4951, simply, was never amended to reflect the prescriptive period after it had been amended in the Constitution.
*370 Additionally, we must presume that the legislature intends to achieve a consistent body of law. Therefore, the only logical explanation is that the legislature meant for the monition proceeding to be available as an alternative to quieting a tax title, only, after the prescriptive period has passed. Moreover, La. R.S. 47:2228, providing for the five-year delay period for monition proceedings, was enacted after La. R.S. 13:4951. Thus, La. R.S. 47:2228 supersedes La. R.S. 13:4951. When two statutes are so blatantly contradictory, as these two, the later statute must govern.
| jGunter, 2002-1126 at 5-6, 838 So.2d at 122-23 (footnotes omitted).
We agree, and adopt the reasoning of the third circuit. The trial court did not err in declaring null both the judgment of monition and the tax sales in this regard. This assignment of error is without merit.
In connection with his second assignment of error, Mr. Raz cites La. R.S. 47:2180.1(B)(2) as authority for his contention that a lack of notice to the mortgagee is not sufficient grounds to annul a tax sale. Louisiana Revised Statute 47:2180.1 provides for notice to the mortgagee; however, paragraph (B)(2) states, “Notwithstanding any other law to the contrary, a tax sale shall not be annulled or set aside due to lack of notice to the mortgagee as provided herein.”
In response, Ms. Marshak and Bankers Trust cite this court’s holding in Bank of West Baton Rouge v. Stewart, 2000-0114 (La.App. 1 Cir. 2/16/01), 808 So.2d 464. In Bank of West Baton Rouge, the bank held a properly recorded mortgage on a piece of immovable property that was sold at tax sale. The owners of the property had received prior notice of the sale, but the bank did not. The bank received actual notice more than three years after the sheriffs auction and filed suit to have the tax sale annulled. The trial court interpreted the statute and the tax sale to be constitutional and refused to annul the tax sale based upon the provisions of La. R.S. 47:2180.1. Bank of West Baton Rouge, 2000-0114 at 4, 808 So.2d at 466.
This court overturned the trial court’s ruling, citing Mennonite Board of Missions v. Adams, 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983), wherein the United States Supreme Court recognized the legally protected property interest of a mortgagee and its entitlement to notice of an impending tax sale. The Supreme Court stated that when “the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee’s last known available address, or by personal service.” Id.
In the instant case, Bankers Trust held a properly recorded mortgage from which its identity and address could be extracted following a review of the mortgage records of East Baton Rouge Parish. Despite the presence of the mortgage in the public records, the |insheriffs office made no attempt to notify Bankers Trust. Thus, the underlying tax sale is rendered an absolute nullity. This assignment of error is similarly without merit.
In his final assignment of error, Mr. Raz contends that the trial court judge lacked the authority to annul the judgment of monition entered by the duty judge. In support of this argument, Mr. Raz cites Appendix 3 of the Rules For Proceedings in District Courts, Family and Domestic Relations Courts, and Juvenile Courts, which provides that in the Nineteenth Judicial District, “Any motion to amend, vacate or nullify a final judgment, or for a new trial in a case heard by the Duty Judge upon confirmation of default shall *371 be presented to and heard by the judge who signed the original default judgment.” The trial court denied Mr. Raz’s motion to transfer the matter to the duty judge because the local rule had recently been amended and did not exist in that form when this suit was initiated in 2000.
In his brief to this court, Mr. Raz contends that he received in from the Judicial Administrator of the Nineteenth Judicial District in September 2000, a copy of the prior rule that he now has in his possession. Said copy was not introduced into evidence; however, Mr. Raz claims that the prior rule read as follows:
Any motion to amend a final judgment or for a new trial a case heard by a Duty Judge upon confirmation of default shall be presented to and heard by the Duty Judge.
Even if this court were to accept the assertion contained in Mr. Raz’s brief as to the wording of the earlier rule, we note, and Ms. Marshak and Bankers Trust point out that motions to annul were not specifically listed. Thus, we must conclude that the trial judge did not err in retaining jurisdiction over the motion to annul the judgment of monition. This assignment of error is without merit.
CONCLUSION
For the above and foregoing reasons, the grant of summary judgment by the trial court nullifying the underlying tax sale and the judgment of monition is hereby affirmed. All costs associated with this appeal are assessed against defendant-appellant Yoram Raz.
AFFIRMED.

. This proceeding was assigned Docket # 474,705-1 of the Nineteenth Judicial District Court.

. This proceeding was assigned Docket # 477,454-J of the Nineteenth Judicial District Court.

. It appears from the record that Mr. Raz also applied for a supervisory writ of review from this court that was not considered in light of his pending appeal. Sondra H. Marshak and Bankers Trust Company v. Yoram Raz, May 29, 2003, No.2003 CA 0893 c/w 2003 CA 0894.