928 So.2d 118 (2005)
Mickey L. WEATHERLY
v.
OPTIMUM ASSET MANAGEMENT, INC. and Barbara F.B. Broyles and Stephen Broyles.
No. 2004 CA 2734.
Court of Appeal of Louisiana, First Circuit.
December 22, 2005.
*120 Thomas D. Fazio, Baton Rouge, Counsel for Plaintiff/Appellee Mickey L. Weatherly.
Robert V. McAnelly, Baton `Rouge, Counsel for Defendants/Appellants Stephen E. Broyles and Barbara F.B. Broyles.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
This appeal challenges a trial court's invalidation of a tax sale. We affirm.

BACKGROUND
Most of the facts forming the basis for this lawsuit to annul a tax sale have been stipulated by the parties, and thus are not in dispute. On Mach 29, 1988, Dr. Leonard A. Buckner, a dentist, purchased an office condominium on Old Hammond Highway in East Baton Rouge Parish ("the property"). The property was encumbered by a collateral mortgage and collateral mortgage note executed by Dr. Buckner in favor of Baton Rouge Bank and Trust Company. The sale and the mortgage were recorded in the mortgage records for East Baton Rouge Parish. The collateral mortgage and the note were later acquired by Whitney National Bank in its merger with Baton Rouge Bank and Trust Company.
In 1996, Dr. Buckner experienced financial difficulties and contacted an acquaintance, Dr. Mickey Weatherly, a Texas resident with a dental practice there for the past 25 years, for assistance. As an accommodation to Dr. Buckner, Dr. Weatherly agreed to pay off Dr. Buckner's debt to Whitney National Bank and accept an assignment of the bank's security interest in the property in return. On September 13, 1996, Whitney National Bank and Dr. Weatherly executed a document styled "Notarial Endorsement and Assignment of Notes and Other Related Security." Therein, Whitney National Bank assigned its security interest in the property to Dr. Weatherly. The document was recorded on February 20, 1997, in the East Baton Rouge Parish mortgage records. Dr. Weatherly is identified in the document by his name, Mickey L. Weatherly, as the holder of a mortgage on the property by virtue of the assignment. There is no other information pertaining to Dr. Weatherly in the document.
In April of 1997, the East Baton Rouge Parish Sheriff's Office (sheriff's office) sent two notices of an impending tax sale to Dr. Buckner at the mailing address for the property. Both notices were received and signed for by persons other than Dr. Buckner. The sheriff's office also ran two newspaper advertisements as required by law, the first on May 2, 1997, and the second on June 2, 1997. The sheriff's office did not send notice of the tax bills, tax delinquency, or the impending tax sale to Dr. Weatherly.
On June 27, 1997, the property was sold for nonpayment of 1996 property taxes to Optimum Asset Management, Inc., a foreign corporation. On December 21, 2001, Optimum Asset Management, Inc. executed a Quit Claim Deed, transferring whatever interest it had in the property to Barbara and Stephen Broyles.
*121 Dr. Weatherly was not notified by the sheriff's office of the tax sale. In the spring of 2001, he discovered that the sale had occurred. On January 3, 2002, Dr. Buckner and Dr. Weatherly executed a Dation En Paiement, extinguishing the debt Dr. Buckner owed and transferring to Dr. Weatherly whatever ownership rights Dr. Buckner had in the property.
Thereafter, on May 13, 2002, Dr. Weatherly filed this suit to annul the tax sale against Optimum Asset Management, Inc. and Barbara and Stephen Broyles. He alleged that as a mortgagee, whose identity was ascertainable at the time of the tax sale, he was entitled to notice of the proceeding, and the failure of the authorities to provide him with such notice violated his procedural due process rights under the United States and Louisiana Constitutions.
In response, the Broyles filed a reconventional demand asking for a confirmation of their tax title. They urged that Dr. Weatherly was not entitled to actual notice of the tax sale because he was not "reasonably identifiable." The Broyles stressed that Dr. Weatherly never lived in East Baton Rouge Parish or maintained an office here, did not list his name, address or telephone number in any East Baton Rouge Parish directory or registry, and failed to include any identifying information in the act of assignment other than his name. They submitted that in the absence of additional identifying information in the recorded instrument, notice to Dr. Buckner by publication was adequate.
Following a hearing, the trial court ran an internet search on the name "Mickey Weatherly," and based on the results of that search, found that Dr. Weatherly was "reasonably identifiable." Therefore, the court concluded, the jurisprudence required that the governmental authority make some effort to provide Dr. Weatherly with notice of the tax sale. Finding no evidence that any steps were undertaken to locate the named mortgagee, the court held that the tax sale violated Dr. Weatherly's due process rights. Accordingly, the court decreed the tax sale null and void and declared Dr. Weatherly to be the owner of the property.
This appeal, taken by the Broyles, followed.

DISCUSSION
The trial court correctly observed that the record is devoid of evidence that the sheriff's office made any attempt to notify Dr. Weatherly, whose name appears in the public record as the assignee of the mortgage on the property, of the impending tax sale. Ms. Brenda Edwards, the assistant tax director for the sheriff's tax office, attested that in 1997, the sheriff's office simply did not undertake to identify and send notices to mortgagees of property tax delinquencies. However, she stated, the office currently has a procedure in place for notifying mortgagees of the nonpayment of taxes on every tax sale. Ms. Edwards explained that the office does a public records search, and if it were to disclose the name of a mortgagee without an address, further steps would be taken to ascertain an address, including enlisting the aid of the Clerk of Court's research department, as well as a search of the Lexis/Nexis directory.
In their first assignment of error, the Broyles contend that the trial court erred by conducting an internet search to determine whether Dr. Weatherly's identity was reasonably ascertainable. We agree. A finder of fact may not consider evidence outside the record in making its findings. Burdis v. Lafourche Parish Police Jury, 618 So.2d 971, 976 (La. App. 1st Cir.), writ denied, 620 So.2d 843 *122 (La.1993). More particularly, it is well settled that the resolution of disputed issues by judicial notice is improper. Id. Nevertheless, we find any error the trial court may have committed by conducting the internet search is harmless, because the trial court's ultimate conclusion that the tax sale violated Dr. Weatherly's due process rights is legally correct.
The due process clause of the Fourteenth Amendment to the United States Constitution requires that deprivation of property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case. Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306, 313, 70 S.Ct. 652, 656-657, 94 L.Ed. 865 (1950). Thus, an elementary requirement of due process in any proceeding which is to be accorded finality is notice, reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane, 339 U.S. at 314, 70 S.Ct. at 657.
In Mennonite Board of Missions v. Adams, 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983), the United States Supreme Court recognized that a mortgagee possesses a substantial property interest that is significantly affected by a tax sale, and therefore, the Court held, a mortgagee is entitled to notice reasonably calculated to apprise him of a pending tax sale. In Mennonite, the Court ruled that when a mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. Mennonite, 462 U.S. at 798, 103 S.Ct. at 2711. Constructive notice suffices, the court stressed, only when the mortgagee is not "reasonably identifiable."
Appellants contend that Dr. Weatherly was not entitled to notice of the tax sale because he was not "reasonably identifiable." They submit that it was Dr. Weatherly's inaction, in failing to give identifying information in the assignment, such as an address or social security number, and in failing to request written notice of a tax delinquency pursuant to La. R.S. 47:2180.1, that resulted in his lack of notice of the tax sale. Appellants insist that without the proper identifying information in the act of assignment itself, any investigation by the sheriff's office to identify Dr. Weatherly would have been a "vain and useless endeavor," and therefore, the lack of any attempt by the sheriff's office to identify or provide notice to Dr. Weatherly should not serve to invalidate the tax sale.
We disagree. Dr. Weatherly's failure to include identifying information in the assignment, or his failure to request a notice of the tax delinquency under La. R.S. 47:2180.1, did not constitute a waiver of his right to notice under the due process clause. It has long been held that a party's ability to take steps to safeguard his interests does not relieve the state of its constitutional obligation to give notice. Mennonite, 462 U.S. at 799, 103 S.Ct at 2712; Bank of West Baton Rouge v. Stewart, XXXX-XXXX (La.App. 1st Cir.2/16/01), 808 So.2d 464 (holding that a reasonably ascertainable mortgagee does not waive its constitutional due process right to notice of a tax sale by failing to request notice of a tax delinquency as provided for in La. R.S. 47:2180.1); Parkview Oak Subdivision Corp. v. Tridico, 95-0604 (La.App. 1st Cir.11/9/95), 667 So.2d 1101, writ denied, 96-0622 (La.5/10/96), 672 So.2d 921 (holding that the failure of a mortgagee to request notice of a property seizure under La. R.S. 13:3886 is not a waiver of due process notice and does not relieve a creditor of its constitutional obligation if it has *123 reasonable means at its disposal to identify those parties whose interests will be adversely affected by the foreclosure).
Furthermore, the mere fact that the recorded instrument did not contain an address is not fatal to Dr. Weatherly's due process claim. In Mennonite, the name of the mortgagee was identified in the public records, but no address was listed. The Court assumed that the mortgagee's address could have been ascertained by "reasonably diligent efforts." The Court stressed, however, that a governmental body was not required to undertake "extraordinary efforts" to discover the identity and whereabouts of a mortgagee whose identity is not in the public record. Mennonite, 462 U.S. at 798, 103 S.Ct. at 2711 n. 4. Thus, under Mennonite, the identification of a mortgagee by name in a publicly recorded instrument triggers a duty on the part of the governmental body to undertake reasonably diligent efforts to give notice of a tax sale to the mortgagee.
Because Dr. Weatherly was identified as a mortgagee in the mortgage records, Mennonite required that he be notified of the impending tax sale if his whereabouts could have been ascertained by reasonably diligent efforts. It is undisputed in this case that the sheriff's office made no attempt to identify Dr. Weatherly as an interested party or ascertain his whereabouts. Had the sheriff's office looked into the mortgage records, it would have learned that Mickey Weatherly had a mortgage on the property, and it could have contacted Whitney National Bank, the assignor, or Dr. Buckner, the owner of the property, to obtain an address. Where an interested party's name and address could have been found after a reasonably diligent search, that person is reasonably ascertainable. Henderson v. Kingpin Development Co., 2001-2115, p. 10 (La.App. 1st Cir.8/6/03), 859 So.2d 122, 130. Under the circumstances of this case, we can only conclude that the sheriff's office failed to undertake "reasonably diligent efforts" to identify and provide notice of the impending tax sale to Dr. Weatherly, and that failure rendered the tax sale an absolute nullity. See also In re Raz, XXXX-XXXX (La.App. 1st Cir.2/23/04), 871 So.2d 363 (holding a tax sale absolutely null where, despite the presence of a mortgage in the public records, the sheriff's office made no attempt to notify the mortgagee).

CONCLUSION
For the above reasons, the judgment decreeing the tax sale to be a nullity is affirmed. All costs of this appeal are assessed to appellants.
AFFIRMED.