982 So.2d 195 (2008)
3525 NORTH CAUSEWAY BLVD. CORPORATION
v.
Carolyn J. PENNEY.
No. 07-CA-883.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*196 David L. Neeb, Metairie, LA, for Plaintiff/Appellee.
John A.E. Davidson, Metairie, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Defendant, Carolyn J. Penney, appeals from the decision of the trial court granting a motion for summary judgment and confirming the tax title of plaintiff, 3525 North Causeway Blvd. Corp., to immovable property located at 1300 Nursery Place, Metairie, LA, 70005. For the reasons that follow, we affirm the judgment of the trial court.
The record reflects that on March 1, 2003, Jefferson Parish gave notice to defendant of its intent to sell the property at a tax sale for unpaid taxes. The property was sold, and the three year redemption period expired on July 1, 2006. Plaintiff instituted this suit on October 6, 2006.
On January 19, 2007, defendant answered the petition, and filed a reconventional demand seeking to annul the tax sale. Motions for summary judgment were filed by both plaintiff and defendant, and on April 5, 2007, the trial court rendered judgment in favor of plaintiff, 3525 North Causeway Blvd. Corporation, and against defendant, Carolyn J. Penney, confirming the tax sale.
After the denial of her motion for new trial, defendant Penney filed an appeal from the trial court's ruling. In her appeal she alleges that the trial court erred in confirming a tax sale which was an absolute nullity for failure to notify the *197 mortgage lender and that plaintiff did not present sufficient evidence to confirm the tax title.
Tax sales are presumed valid and the party attacking it bears the burden of proving its alleged invalidity. Board of Com'rs for Sunset Drainage Dist. of St. Charles Parish v. Rivet, 05-441 (La.App. 5 Cir. 1/17/06), 921 So.2d 1046.
Defendant first alleges that the tax sale at issue is an absolute nullity because no notice of the sale was provided by the Sheriff for the Parish of Jefferson to the publicly recorded mortgage holder, Hibernia Bank.
It is apparent from the record that Hibernia is the mortgage holder of the property at issue. Defendant contends that Hibernia was not notified of the tax sale, and there is nothing in the record to contradict her assertions. Defendant argues that the mandates of Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) were violated by the failure to inform, not her, but the mortgagee, and that this failure to notify results in the absolute nullity of the tax sale.
R.S. 47:2180.1 provides that:
A. On the second day after the deadline for payment of taxes each year, or as soon thereafter as possible, the tax collector shall address to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent, if such mortgage holder has notified the tax collector of such recorded mortgage, a written notice as provided in R.S. 47:2180 that the taxes on the immovable must be paid within twenty days after the service or mailing of the notice or the property will be sold according to law. The notice shall be sent to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent by certified mail return receipt requested or by personal or domiciliary service on the mortgagee. The notification by the mortgagee to the tax collector shall state the legal description of the immovable property and the name of the record owner. The mortgagee requiring notice of delinquency shall pay the sum of five dollars annually, per assessment, to the sheriff to defray the cost of providing the notice. The notification by the mortgagee to the tax collector shall be renewed annually.
B. (1) If one person holding a properly recorded mortgage on immovable property holds more than one properly recorded mortgage on the same immovable or if one mortgagee holds properly recorded mortgages on more than one immovable and taxes on the immovable are delinquent, the tax collector shall send only one written notice to the holder of the properly recorded mortgage as required by R.S. 47:2180.1(A) listing every immovable on which the person holds a properly recorded mortgage and the taxes which are delinquent and due for each immovable.
(2) Notwithstanding any other law to the contrary, a tax sale shall not be annulled or set aside due to lack of notice to the mortgagee as provided herein. (Emphasis added).
This statute clearly provides that a tax sale is not a nullity for failure to notify the mortgagee. "When a law is clear and unambiguous and the application of the law does not lead to absurd consequences, the law must be applied as written without any further intent of the legislature." LSA C.C. art. 9.
In Hodges Ward Purrington Properties v. Lee, 92-117, 118 (La.App. 5 Cir. 5/26/1992), 601 So.2d 358, 360, this Court considered and rejected the mortgagee's *198 claim that a tax sale should be annulled for the tax collector's failure to provide proper notice. This Court said that
[The mortgage holder] made no claim that it notified the tax collector of its mortgage as required by LSA-R.S. 47:2180.1A. Therefore, Standard has not met the burden of proof that the sale was invalid for failure to afford proper notice to the mortgage holder pursuant to LSA-R.S. 47:2180.1. We also note that LSA-R.S. 47:2180.1B(2) prohibits annulment of a tax sale due to lack of notice to the mortgagee.
In this case, we note that there is no proof that the mortgage holder requested notice as required by the statute, and the mortgage holder is not a party to this suit. Therefore, defendant has not met her burden of proof that the sale was invalid.[1]
In brief, defendant argues that the interpretation of LSA-R.S. 47:2180.1, as utilized by the trial court below (and presumably by us on appeal), creates an unconstitutional statute. "Our jurisprudence mandates that an attack upon the constitutionality of a statute must first be presented in the trial court. Also, the unconstitutionality of the statute must be specially pleaded and the grounds for the claim particularized." Williams v. State, Dept. of Health and Hospitals, 95-0713 (La.1/26/96), 671 So.2d 899, 901; Koeppen v. Raz, 29,880 (La.App. 2 Cir. 10/29/97), 702 So.2d 337. Defendant failed to plead the issue of unconstitutionality in such a pleading before the trial court and did not serve the attorney general. Thus, this issue is not properly before this Court.
Next, Ms. Penney asserts that the evidence presented by plaintiff was insufficient to support a motion for summary judgment. She contends that the evidence does not prove that the signature on the return receipt is hers. Absent proof of service, she contends, she was entitled to post-sale notice pursuant to R.S. 47:2183(C).
Due process does not require that a property owner receive actual notice before the government may take his property. Dusenbery, [Dusenbery v. U.S., 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597, (2002)] supra, at 170, 122 S.Ct. 694. Rather, we have stated that due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane, [Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)] 339 U.S., at 314, 70 S.Ct. 652.
* * *
It is true that this Court has deemed notice constitutionally sufficient if it was reasonably calculated to reach the intended recipient when sent. See, e.g., Dusenbery, supra, at 168-169, 122 S.Ct. 694; Mullane, 339 U.S., at 314, 70 S.Ct. 652. In each of these cases, the government attempted to provide notice and heard nothing back indicating that anything had gone awry, and we stated that "[t]he reasonableness and hence the constitutional validity of [the] chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." Id., at 315, 70 S.Ct. 652; see also Dusenbery, supra, at 170, 122 S.Ct. 694.
*199 Jones v. Flowers, 547 U.S. 220, 225, 126 S.Ct. 1708, 1713, 164 L.Ed.2d 415 (2006).
The court in Thomas v. New Orleans Redevelopment Authority, 04-1964 (La. App. 4 Cir. 10/6/06), 942 So.2d 1163, 1169, noted that:
In Dusenbery v. United States, 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002), the Supreme Court clarified the scope of the Mennonite decision, rejecting the contention that the latter required actual receipt of notice to satisfy due process. Dusenbery holds that all that is required is that the state attempt to provide actual notice.
Our Supreme Court has noted that actual notice need not be proven, in Lewis v. Succession of Johnson, 05-1192 (La.4/4/06), 925 So.2d 1172, 1178:
First, where the tax debtor's correct address is known and used, certified mail is a reasonable method of notifying the debtor, and it is unnecessary that notice actually be received in order to satisfy due process requirements.
The record herein reflects that the sheriff sent a certified letter to the tax debtor, at the correct address. The Sheriff's Office received the Domestic Return Receipt back from the post office. Although the notice misspelled the tax debtor's name, (Penny instead of Penney), the return receipt's signature contains the correct spelling. We find that notice given was sufficient to meet due process requirements, and therefore sufficient evidence was presented to support the motion for summary judgment.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant.
AFFIRMED.
NOTES
[1] We recognize that other circuits have rendered decisions which may be determined to be inconsistent with our holding in Hodges Ward Purrington Properties v. Lee, supra. In the absence of any pronouncement from the Louisiana Supreme Court, our prior rulings are controlling for this Court.