17 So.3d 17 (2009)
Douglas A. TIETJEN, Dwight A. Tietjen and Citizens National Bank, Plaintiff-Appellee
v.
The CITY OF SHREVEPORT and Claude Dance, Defendant-Appellant.
No. 44,190-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 2009.
Dissenting Opinion from Denial of Rehearing August 27, 2009.
*19 Dannye W. Malone, Shreveport, for Appellant, The City of Shreveport.
John M. Madison, Jr., Amanda E. Waddell, Shreveport, for Appellees, Douglas A. Tietjen and Dwight A. Tietjen.
Fred A. Rogers, III, Shreveport, William L. Hearne, for Appellee, Citizens National Bank
Before WILLIAMS, GASKINS and DREW, JJ.
WILLIAMS, J.
Plaintiffs, Douglas Tietjen, Dwight A. Tietjen and Citizens National Bank, filed a petition for a declaratory judgment against the city of Shreveport and Claude Dance seeking nullification of a tax sale. Following a bench trial, the trial court entered a judgment, declaring the sale null and void. For the reasons set forth herein, we reverse the trial court's judgment.

FACTS
On June 4, 1985, Douglas and Dwight Tietjen ("the Tietjens") purchased immovable property "together with all buildings and improvements thereon" located at 1017 Jordan Street, Shreveport, Louisiana.[1] The cash sale deed was recorded in the Caddo Parish records on June 5, 1985. On January 7, 1999, the Tietjens mortgaged the property to Citizens National Bank ("Citizens"). The mortgage was recorded in the Caddo Parish mortgage records on January 8, 1999.
The Tietjens failed to pay the ad valorem taxes on the property for the year of 2001. In April 2002, the city of Shreveport ("the City") notified the Tietjens of a pending tax sale. The notice was addressed to Douglas and Dwight Tietjen and was sent via certified mail to 1017 Jordan Street, the address of the subject property. On April 8, 2002, a return receipt was signed by Ronnie Ellis, an employee of Tietjen Physical Therapy, Inc., which was housed at the subject property. The City also published notices of the pending tax sale in The Times, a Shreveport/Bossier City newspaper, on May 5, 2002 and June 2, 2002.
On June 7, 2002, the property was sold at the tax sale to defendant, Claude Dance, for $1,316.24, subject to the right of redemption.[2] According to the Tietjens, they did not learn that the property had been sold until August 2006, when they attempted to sell the property. The record *20 reflects that Citizens neither received notice of the delinquent taxes nor notice of the pending tax sale.
On September 29, 2006, plaintiffs filed a petition for declaratory judgment, seeking to have the tax sale annulled. Plaintiffs alleged that the City failed to provide notice of the tax sale to Citizens and did not notify either Citizens or the Tietjens that the property had been sold and of their right of redemption. Subsequently, plaintiffs filed an amended petition, alleging that LSA-R.S. 47:2180.1 was unconstitutional.
After a bench trial, the court declared the tax sale null and void, finding "a due process violation under both federal and state constitutions." The court made the following factual conclusions:
(1) The City of Shreveport did not properly provide notices regarding ad valorem taxes to Douglas Tietjen or Dwight Tietjen;
(2) The City of Shreveport did not properly provide notices regarding ad valorem taxes to Citizens National Bank;
(3) The City of Shreveport did not properly provide notice to Citizens Bank of the pendency of the June 2002 tax sale;
(4) Following the 2002 tax sale, the City of Shreveport did not properly provide notice to Douglas Tietjen, Dwight Tietjen or Citizens National Bank that the property had been sold and of the rights of redemption in accordance with law;
(5) The Tietjens and Citizens National Bank became aware of the 2002 tax sale in August 2006.
The court found that the notice of the pending tax sale provided to the Tietjens' employee was "inadequate" and further stated, "Had the City consulted the public records and, in particular, the mortgage records, it would have easily ascertained mortgage information regarding Citizens National Bank." The City appealed.

DISCUSSION

Presale Notice (Tietjens)
The City contends the trial court erred in finding that proper notice was not provided to the Tietjens. The City argues that the record shows that notice of the delinquent taxes and pending tax sale was mailed, via certified mail, to the Tietjens at 1017 Jordan Street, and the return receipt was signed.
It is important to note that plaintiffs have never disputed the fact that the Tietjens were provided with notice of the delinquent taxes and the pending tax sale prior to the tax sale. Rather, plaintiffs argued that their due process rights were violated because of the lack of notice to the mortgagee, Citizens.[3] Douglas Tietjen *21 testified at the hearing and did not testify unequivocally that the City did not provide notice. He stated that he did not "recollect" actually seeing the notice, but an employee "might have" signed for it on his behalf. Accordingly, we find that the trial court erred in finding that the City failed to provide the Tietjens with adequate notice of the delinquent taxes and pending tax sale.

Presale Notice (Citizens)
The City also contends it was not required to provide notice to Citizens because the bank failed to request notice under LSA-R.S. 47:2180.1. The City argues that the statute requires the tax collector to send notice of delinquent taxes to a mortgage holder only "if such mortgage holder has notified the tax collector of such recorded mortgage."
The Due Process Clause of the 14th Amendment to the United States Constitution requires that deprivation of property by adjudication be preceded by notice and opportunity to be heard appropriate to the nature of the case. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). An elementary requirement of due process in any proceeding which is to be accorded finality is notice, reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Id.
In Mennonite Board of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the Court recognized that the sale of property for nonpayment of taxes is an action that affects a property right protected by the 14th Amendment. The Court stated:
Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale. When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service.
Id., 462 U.S. at 798, 103 S.Ct. at 2711.
After Mennonite was decided, the Louisiana Legislature enacted LSA-R.S. 47:2180.1 by Acts 1984, No. 585 § 1 to "require the tax collector to send notice of taxes due on immovables to each holder of a properly recorded mortgage on the immovable under certain conditions." At the time of the tax sale at issue,[4] LSA-R.S. 47:2180.1 provided:
A. On the second day after the deadline for payment of taxes each year, or as soon thereafter as possible, the tax collector shall address to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent, if such mortgage holder has notified the tax collector of such recorded mortgage, a written notice as provided in R.S. 47:2180 that the taxes on the immovable must be paid within twenty days after the service or *22 mailing of the notice or the property will be sold according to law. The notice shall be sent to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent by certified mail return receipt requested or by personal or domiciliary service on the mortgagee. The notification by the mortgagee to the tax collector shall state the legal description of the immovable property and the name of the record owner. The mortgagee requiring notice of delinquency shall pay the sum of five dollars annually, per assessment, to the sheriff to defray the cost of providing the notice. The notification by the mortgagee to the tax collector shall be renewed annually.
* * *
(2) Notwithstanding any other law to the contrary, a tax sale shall not be annulled or set aside due to lack of notice to the mortgagee as provided herein.
(Emphasis added).
In Koeppen v. Raz, 29,880 (La.App. 2d Cir.10/29/97), 702 So.2d 337, this court found that the delinquent taxpayer and the mortgagee failed to prove that the tax sale was a nullity due to the failure to provide notice of the tax delinquency and subsequent tax sale. This court stated:
The mortgagee maintains that its identity easily could have been ascertained through an inspection of the title records at the Department of Motor Vehicles. Yet neither the record before us nor the posture of the case successfully refute the applicability of La. R.S. 47:2180.1. That statute requires that a mortgagee specifically apprise the tax collector of its mortgage in order to be sent notice of the tax delinquency. [The delinquent taxpayer and mortgagee] do not dispute the fact that they did not comply with this provision, and thus cannot sustain the burden of proving the invalidity of the tax sale for lack of statutory notice.
Id. at 340.
Similarly, in Hodges Ward Purrington Properties v. Lee, 601 So.2d 358 (La.App. 5th Cir.1992), the Fifth Circuit rejected a mortgagee's claim that a tax sale should be annulled based upon the tax collector's failure to provide proper notice. The court stated:
[The mortgagee] made no claim that it notified the tax collector of its mortgage as required by LSA-R.S 47:2180.1A. Therefore, [the mortgagee] has not met the burden of proof that the sale was invalid for failure to afford proper notice to the mortgage holder pursuant to LSA-R.S 47:2180.1. We also note that LSA-R.S 47:2180.1B(2) prohibits annulment of a tax sale due to lack of notice to the mortgagee.
Id. at 360.
Also, in 325 North Causeway Blvd. Corp. v. Penney, 2007-883 (La.App. 5th Cir.3/11/08), 982 So.2d 195, writ denied, XXXX-XXXX (La.5/30/08), 983 So.2d 905, the Fifth Circuit held that the tax sale was not a nullity due to the tax collector's failure to provide notice to the mortgagee. Focusing on the language set forth in 47:2180.1(B)(2), the court stated:
This statute clearly provides that a tax sale is not a nullity for failure to notify the mortgagee. `When a law is clear and unambiguous and the application of the law does not lead to absurd consequences, the law must be applied as written without any further intent of the legislature.' LSA-C.C. art. 9.
Id. at 197.
When the wording of a statute is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext *23 of pursuing its spirit. LSA-R.S. 1:4. It is well settled that the starting point for the interpretation of any statute is the language of the statute itself. Hamilton v. Royal International Petroleum Corp., XXXX-XXXX (La.2/22/06), 934 So.2d 25, cert. denied, 549 U.S. 1112, 127 S.Ct. 937, 166 L.Ed.2d 704 (2007); Richard v. Hall, XXXX-XXXX (La.4/23/04), 874 So.2d 131; SWAT 24 Shreveport Bossier, Inc. v. Bond, XXXX-XXXX (La.6/29/01), 808 So.2d 294. Courts are not free to rewrite laws to effect a purpose that is not otherwise expressed. Hamilton, supra; Cacamo v. Liberty Mut. Fire Ins. Co., 99-3479 (La.6/30/00), 764 So.2d 41; White v. Wal-Mart Stores, Inc., 97-393 (La.9/9/97), 699 So.2d 1081.
As noted above, the plain language of LSA-R.S. 47:2180.1(A) requires the tax collector to provide notice of delinquent taxes to the holder of a properly recorded mortgage "if such mortgage holder has notified the tax collector of such recorded mortgage." Moreover, LSA-R.S. 47:2180.1(B)(2) clearly prohibits the nullification of a tax sale "due to lack of notice to the mortgagee." It is undisputed that Citizens did not comply with the provisions of the statute by requesting notice and paying the annual notification fee. Therefore, we find that Citizens and the Tietjens failed to meet their burden of proving the invalidity of the tax sale for lack of statutory notice.[5]

Post-Sale Notice
The City also contends the trial court erred in declaring the tax sale a nullity based upon the failure to provide plaintiffs with notice that the tax sale had taken place and notice of the right of redemption. The City argues that such notice is not necessary to satisfy the due process requirement.
La. Const. Art. VII, § 25 provides, in pertinent part:
(A) Tax Sales. (1) There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due.... On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs....
* * *
(B) Redemption. (1) The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and *24 interest at the rate of one percent per month until redemption.
* * *
At the time of the tax sale herein, LSA-R.S. 47:2180(A)(1)(b) provided:
On the second day of January of each year, or as soon thereafter as possible, in each year following the year in which the original notice of delinquency is made pursuant to Subparagraph (a) herein, the tax collector shall address to each taxpayer who has not paid all the taxes which have been assessed to him on immovable property a written notice in the manner provided herein. The notice shall specify the property upon which the taxes are delinquent, the amount of taxes due, and the manner in which the property may be redeemed. The notice shall be made each year until the property is no longer redeemable as provided in Article VII, Section 25(B) of the Constitution of Louisiana. The cost of mailing the notice shall be considered cost for purposes of redemption.
In Hamilton, supra, the Supreme Court concluded that a tax sale was not a nullity for failure to notify the delinquent tax payer of the right and manner of redemption. The court pointed out that, although the statute required mandatory post-tax sale notice to the taxpayer, the legislature did not provide a penalty if the required notice was not provided. The court stated:
[W]e find that the statutory requirement for post-tax sale notice specifying the property upon which the taxes were delinquent, the amount of taxes due and the manner in which the property may be redeemed is not necessary to satisfy due process.... Although it is well established that proof of an inadequate property description, deficient advertisement, or improper notice of delinquency is sufficient to nullify a tax sale, the strict compliance is with regard to the initial notification of delinquency and pending sale.
Id. at 31-2 (emphasis in original; internal citations omitted).
In the instant case, plaintiffs did not dispute the fact that, prior to the tax sale, the Tietjens received notice that the taxes were delinquent and that the sale was pending. As we noted in our discussion above, Citizens did not request notice as required by the statute. As the court stated in Hamilton, supra, "The Louisiana Constitution and the Due Process clauses of both the federal and state constitutions require notice be given to a property owner before his property is sold at a tax sale." Id. at 33. Therefore, we find that plaintiffs' argument that the tax sale should be declared a nullity based on the City's failure to provide post-tax sale notice is without merit.

CONCLUSION
For the reasons set forth herein, we find that the district court erred in declaring the tax sale null and void. Accordingly, the declaratory judgment entered in favor of plaintiffs is hereby reversed. Costs of this appeal are assessed to plaintiffs, Douglas Tietjen, Dwight A. Tietjen and Citizens National Bank.
REVERSED.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, CARAWAY and DREW, JJ.
Rehearing denied.
BROWN, C.J., dissents from the denial of application for rehearing for the reasons assigned by CARAWAY, J.
*25 CARAWAY, J., dissents from the denial of application for rehearing and assigns reasons.
CARAWAY, J., dissenting.
I dissent and would grant the plaintiffs' motion for rehearing for the following reasons.
The majority's ruling overlooks the unappealed remedy of the trial court afforded to the plaintiffs by the trial court's judgment against the tax purchaser, Claude A. Dance, Jr., and the judgment's lack of any adjudication affecting the City. The written judgment which the City chose to appeal in this case surprisingly has no mention of the City as a judgment debtor. It reads in its totality as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the sale of the property described below on June 7, 2002 to Claude A. Dance, Jr., (reflected in the deed described below) be, and it is hereby, nullified and of no effect:
Lot One and North One-Half (Nl/2) of Lot 2 of Jacob's Subdivision, a subdivision in the city of Shreveport, Caddo Parish, Louisiana, more fully described as:
Beginning at the corner of Jordan Street and Fairfield Avenue (property line), then along Jordan Street 120 feet to the alley; thence along alley 75 feet; thence 120 feet to Fairfield Avenue; thence along Fairfield Avenue 75 feet to the point of beginning, as more fully shown on map recorded in Conveyance Book "S", page 627 of the records of Caddo Parish, Louisiana, together with all buildings and improvements located thereon, and having Tax Assessor Account Number XXXXXX-XXX-XXXX.
IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Clerk of Court of Caddo Parish, be, and he is hereby, ordered to make reference to this judgment on that certain Tax Sale Deed recorded June 14, 2002, under Registry Number 1805205, in Conveyance Book 3537, Page 172 of the records of this parish.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own costs of these proceedings.
From this judgment, Dance did not appeal, and there was nothing adjudicated against the City in this case in the foregoing judgment that does not bear its name. There was no declaratory judgment rendered by the trial court contrary to the majority's opinion. On these grounds alone, the appeal should have been dismissed.
Additionally, with all the procedural rights and substantive remedies afforded the tax debtor both before and after a tax sale of his property, it is difficult for me to understand the cause of action which the plaintiffs have now additionally claimed against the City. The plaintiffs' rights and remedies are spelled out in our law against the tax sale purchaser for the return of the plaintiffs' property, not against the municipality to which plaintiffs' taxes were unquestionably owed. From the looks of the judgment, plaintiffs prevailed against Dance who has not appealed. I would dismiss the City's appeal on the face of the judgment rendered against Dance and for the lack of a cause of action against the City in the first place.
NOTES
[1] The cash sale deed described the property as follows:

Lot 1 and part of Lot 2 of Jacobs Subdivision, a subdivision of the City of Shreveport, Caddo Parish, Louisiana, more particularly described as:
Beginning at the corner of Jordan Street and Fairfield Avenue (property line), thence along Jordan Street 120 feet to alley; thence along alley 75 feet to the point of beginning, as more fully shown on map recorded in Conveyance Book at page 627, Records of Caddo Parish, Louisiana, together with all buildings and improvements thereon, said property having municipal number 1017 Jordan Street, Shreveport, Louisiana hereafter "the Subject Property."
[2] Claude Dance did not appear in the proceedings and a default judgment was entered against him.
[3] In their petition, the Tietjens alleged, inter alia:

* * *
5.
[T]he City did not send notices regarding ad valorem taxes affecting the Property to Citizens, the mortgagee.
* * *
7.
The City also gave no notice to Citizens of the pendency of the June, 2002 tax sale.
* * *
10.
Additionally, at all relevant times, Citizens' Mortgage's interest in the Property was "reasonably ascertainable" by a search of the mortgage records of Caddo Parish.
11.
The City did not send notice of the June, 2002 tax sale to Citizens, even though the Mortgage was filed of record in the Mortgage Records of Caddo Parish, Louisiana.
12.
Since 1999, Citizens has not received any notices from the City regarding ad valorem taxes due on the property.
13.
Since 1999, Citizens has not received any notices from the City regarding ad valorem taxes due on the property.
14.
Because the City failed to notify Citizens of the alleged failure to pay ad valorem taxes, and because the City failed to provide Citizens with any notice whatsoever of the tax sale, the Tietjens are entitled to declaratory judgment that the 2002 City tax sale of the Property is absolutely null and void.
(Emphasis in original).
[4] LSA-R.S. 47:2180 and 47:2180.1 were repealed by Acts 2008, No. 819 § 1, effective January 1, 2009. LSA-R.S. 47:2153 and 47:2159 were enacted to "consolidate and generally reproduce the substance of former R.S. 47:2180, 2180.1 and 2181 with certain modifications." LSA-R.S. 47:2153, Comment (a).
[5] We are mindful that other courts have reached decisions that are contrary to our ruling in Koeppen, supra, and our ruling herein. See, Smith v. Brooks, 97-1338 (La.App. 3d Cir.4/15/98), 714 So.2d 735, writ not considered, 98-1869 (La. 10/30/98), 723 So.2d 969; Bank of West Baton Rouge v. Stewart, XXXX-XXXX (La.App. 1st Cir.2/16/01), 808 So.2d 464; Weatherly v. Optimum Asset Management, Inc., 2004-2734 (La.App. 1st Cir. 12/22/05), 928 So.2d 118; and In re Raz, XXXX-XXXX (La.App. 1st Cir.2/23/04), 871 So.2d 363. We respectfully decline to follow the rulings of the other circuits, as we are not bound by them, and we hereby adhere to this court's decision in Koeppen, supra.

We also decline to address plaintiffs' argument that LSA-R.S. 47:2180.1 is unconstitutional. The trial court did not rule on that issue. The Tietjens and Citizens did not answer the appeal to urge that point. Accordingly, that argument will not be addressed in this opinion.