| ¡.GUIDRY, J.
Defendant, Lionel Ingram, III d/b/a La Colours (La Colours), appeals the trial court’s judgment in favor of plaintiff, Vinc-son, Inc. (Vincson), in this action to annul a tax sale. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Vincson, a domestic corporation, purchased the property in question, consisting of two undeveloped lots in St. Tammany Parish, from Mary C. Ingram Mulle on June 16, 1982. Following this purchase, these two lots were sold at tax sale, on May 30, 1986, for failure to pay the 1985 taxes. Vincson, however, redeemed the property, in care of its attorney, on November 7, 1988. Thereafter, on July 31, 1991, the lots were again sold at tax sale for failure to pay the 1990 taxes. Vincson subsequently redeemed the property, this time in care of Kenneth J. Vincent, on June 15, 1992. The 1992 redemption listed the address of Vincson, Inc., c/o Kenneth J. Vincent as 6136 General Haig, New Orleans, Louisiana 70124.
In 1994, Vincson once again failed to pay the property taxes on the two lots. The St. Tammany Parish Sheriff (Sheriff), ex officio tax collector, issued a tax notice to Vincson on November 14, 1994. A delinquent tax notice was subsequently mailed via certified mail to Vincson at the General Haig address on April 3, 1995. However, *815 the delinquent tax notice was returned to the Sheriff marked “FOE” (forwarding order expired). Thereafter, the Sheriff advertised the tax sale of the two lots in the local publication, The St. Tammany Farmer, on April 27, 1995, and June 1, 1995. The tax sale was held on June 7, 1995, and the two lots were sold to La Colours.
On May 19, 1999, Vincson filed a Petition to Annul Tax Sale, claiming it did not have proper notice of the June 7, 1995 tax sale and therefore was denied procedural due process as guaranteed by the United States Constitution, Louisiana Constitution, and the United States Supreme Court decision of Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). A bench trial was held on October 25, 2000. In reasons for judgment issued on April 26, 2001, and in a judgment signed on May 21, 2001, the trial court invalidated the tax sale of the two lots, declared the tax sale deed to La Colours dated June 29, 1995, null and void, and ordered said deed to be cancelled from the public records.
ASSIGNMENT OF ERROR
La Colours now appeals and asserts as its sole assignment of error that the trial court erred in granting Vincson’s Petition to Annul Tax Sale based upon alleged due process violations.
DISCUSSION
In Mennonite, the United States Supreme Court recognized that the sale of property for nonpayment of taxes is an action that affects a property right protected by the Due Process Clause of the Fourteenth Amendment. Therefore, as a minimum constitutional precondition to such a proceeding, notice must be sent by mail or other means certain to ensure actual notice if the party’s name and address are reasonably ascertainable. Mennonite, 462 U.S. at 800, 103 S.Ct. at 2712.
Additionally, La. Const, art. VII, § 25 and La. R.S. 47:2180 together mandate that notice of delinquency must be given to a taxpayer by certified mail, return receipt requested, before his property may validly be sold for nonpayment of taxes. Interpreting this mandate in terms of due process requirements, it has repeatedly been held that where the tax debtor’s correct address is known and used, certified mail, return receipt requested, is a reasonable method of notifying the debtor. Dennis v. Vanderwater, 498 So.2d 1097, 1099 (La.App. 3rd Cir.1986), writ denied, 501 So.2d 211 (La.1987).
In the instant case, La Colours contends that Vincson’s due process rights were not violated because the Sheriff provided notice in accordance with the above prescribed law. In particular, La Colours argues that the General Haig address | ¿provided by the tax debtor in the prior redemption and contained on the tax rolls was a correct address, and notice was sent to that address by the Sheriff via certified mail, return receipt requested. However, the record shows that this notice was returned to the Sheriff marked “FOE”. It has been the longstanding jurisprudential rule that when such a notice is returned, the tax collector must undertake additional action. In Childress v. Johnson, 387 So.2d 1217, 1219 (La.App. 1st Cir.), writ refused, 393 So.2d 744 (La.1980), this court previously outlined the action that must be taken by the tax collector as follows:
Where mailing of such notice is required, and a mailed notice is returned to the tax collector undelivered or unclaimed, the tax collector is required to take additional reasonable steps to notify the tax debtor, and the failure of the tax collector to perform this obligation renders the tax sale null and void. Also, *816 when the tax collector, after the tax delinquency notice is sent to the wrong address and returned unclaimed, makes no further effort to ascertain the tax debtor’s correct address and deliver notice, the tax sale is void and the purchaser’s tax title is invalid. [Citations omitted.]
La Colours acknowledges that the only further action taken by the Sheriff was to advertise the sale of the property twice in The St. Tammany Farmer. While notice by publication has been held to be an insufficient means of ensuring actual notice to the tax debtor[1], La Colours contends, nevertheless, that publication is a permissible additional step as it is specifically allowed by La. R.S. 47:2180(B). In 1985, La. R.S. 47:2180(B) was amended and a second sentence was added, which provides that if certified notice is returned undeliverable by the post office, the tax collector may comply with the provisions of both the statute and the Louisiana Constitution by advertising the debtor’s property in a parish newspaper once a week for two weeks. See also La. R.S. 47:2180(C).
While the language of La. R.S. 47:2180(B) as amended is clear, it also presupposes that the required notice was sent to the correct address. See Giordano v. MacDonald, 98-2035, p. 9 (La.App. 4th Cir.3/10/99), 729 So.2d 760, 764, writ denied, 99-0986 (La.6/18/99), 745 So.2d 22; see also, Koeppen v. Raz, 29,880, pp. 3-4 (La.App. 2 Cir. 10/29/97), 702 So.2d 337, 339-340. As stated previously, the jurisprudence of this state clearly requires that in order for notice by certified mail to be a reasonable method of notifying the debtor in accordance with due process, such notice must be mailed to the debtor’s correct address. See Dennis v. Vanderwater, 498 So.2d at 1099. In the instant case, the Sheriff was made aware that the address for Vincson obtained from the tax rolls was not the correct address when it was returned marked “FOE.” As such, the Sheriff could not merely rely on publication as a means of notice but was required to take additional reasonable steps to notify the tax debtor and ascertain the tax debtor’s correct address in order to comply with the mandates of due process.
In the present case, the tax debtor was a corporation for which information as to address and agent for service of process is easily ascertainable. Specifically, Vincson presented evidence at trial, in the form of a 1990 domestic corporation annual report, which showed the corporation’s correct address as 3012 Arnoult Road, Metairie, Louisiana 70002. As this annual report was filed with the Secretary of State, a simple call by the Sheriff would have provided him with the correct address for notice and was an additional reasonable step that should have been taken to ensure protection of Vincson’s right to due process. Therefore, under the particular facts of this case, we find no manifest error in the trial court’s finding that the Sheriff did not take additional reasonable steps to provide notice to Vincson as required by law.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court annulling the tax sale for lack of notice. All costs of this appeal are to be borne by the appellant, La Colours.
AFFIRMED.
PETTIGREW, J., concurs and assigns reasons.

. Mennonite Board of Missions v. Adams, 462 U.S. at 798, 103 S.Ct. at 2711.