WEIMER, Justice.
 
 [1]
 

 11 Suit was filed by property owners and a mortgagee seeking a declaratory judgment to annul a tax sale based on lack of notice. The municipality and the tax sale purchaser were named as defendants. The tax sale purchaser, Claude A. Dance, Jr., failed to answer or appear and a default judgment was taken against him. Following a trial on the merits, the trial court declared the tax sale null and void.
 

 Defendant, City of Shreveport, appealed. Dance did not appeal the judgment. The court of appeal reversed, finding the trial court erred in declaring the tax sale null and void.
 
 Tietjen v. City of Shreveport,
 
 44,190 (La.App. 2 Cir. 5/13/09), 17 So.3d 17. Plaintiffs, Douglas A. Tietjen, Dwight A. Tietjen and Citizens National Bank, filed for a writ of certiorari with this court seeking to reverse the ruling of the court of appeal. Plaintiffs’ writ application was granted.
 
 Tietjen v. City of Shreveport,
 
 09-2116 (La.1/8/10), 24 So.3d 872.
 

 | aFor reasons that follow, we reverse the judgment of the court of appeal and reinstate the trial court judgment.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 On June 3, 1985, by cash sale deed, Douglas A. Tietjen and Dwight A. Tietjen, purchased Lot 1 and part of Lot 2 of Jacobs Subdivision, in Shreveport, located on Jordan Street. The deed listed the Tietjens’ permanent mailing address as 4801 Crescent Drive in Shreveport.
 

 On January 7, 1999, the Tietjens executed a collateral mortgage in favor of Citizens National Bank, at which time they mortgaged the subject property to secure the debt. In the collateral mortgage, Dwight Tietjen’s mailing address was listed as 4801 Crescent Drive in Shreveport. Douglas Tietjen’s mailing address was listed as 10871 Woolworth Road, Keithsville. At all pertinent times, the bank continued to hold a valid mortgage on the property.
 

 Ad valorem property taxes for 2001 were not paid. In April 2002, the City of Shreveport began proceedings to sell the subject property at tax sale. On June 7, 2002, a tax sale deed was executed by Kenneth W. Kirspel, Deputy Tax Collector, transferring the subject property to Claude A. Dance, Jr.
 

 The property owners were first apprised of the tax sale in August 2006 when they attempted to sell the property. The mortgagee did not receive notice of the delinquent taxes nor notice of the pending sale.
 

 On September 29, 2006, pláintiffs filed a petition for declaratory judgment seeking to have the tax sale annulled. In the alternative, the Tietjens requested the right to redeem the property. They also sought damages and attorneys fees pursuant to 42 U.S.C. §§ 1983 and 1988 for failure of the city to provide adequate notice to |sthem and to Citizens National Bank.
 
 [2]
 
 Subsequently, plaintiffs filed an
 
 *194
 
 amended petition alleging that LSA-R.S. 47:2180.1 was unconstitutional.
 

 Following a bench trial, the court found the City of Shreveport did not properly provide notices regarding ad valorem taxes to Douglas Tietjen, Dwight Tietjen, or Citizens National Bank. The court also found the City of Shreveport did not properly provide notice to the mortgagee of the pendency of the June 2002 tax sale. Additionally, the trial court found that following the 2002 tax sale, the City of Shreveport did not properly provide notice to the property owners or the mortgagee that the property had been sold and of the rights of redemption in accordance with law.
 

 In rendering its decision, the trial court considered the testimony of Douglas Ti-etjen and Jason Smith, senior lending officer and executive vice president of the bank, as well as the documentary evidence introduced by the parties. The documentary evidence included plaintiffs’ cash sale deed, collateral mortgage and tax sale deed and defendants’ certified mail receipts,
 
 proces-verbal,
 
 and copies of
 
 The Times
 
 newspaper. The court specifically found the two witnesses credible. The court also found notice of the pending sale provided to Ronnie Ellis, an employee of Tietjen Physical Therapy, Inc., was inadequate notice to the property owners. The trial court found lack of proper notice to the Tietjens and Citizens National Bank constituted a due process violation under both federal and state constitutions.
 

 14Judgment was rendered declaring the tax sale to defendant, Claude A. Dance, Jr., null. The judgment included an order to the Clerk of Court of Caddo Parish to make reference to this judgment on the Tax Sale Deed.
 

 DISCUSSION
 

 The City appealed, arguing the trial court erred in finding that proper notice was not provided to the Tietjens. The City argued notice of the delinquent taxes and pending tax sale was sent by certified mail to the Tietjens at 1017 Jordan Street and was received as indicated by the return receipt signed by Ronnie Ellis.
 

 The City also argued it was not required to send notice to the mortgagee because the bank failed to request notice pursuant to LSA-R.S. 47:2180.1.
 
 [3]
 
 According to the statute, the tax collector is required to send notice of delinquent taxes to a mortgage holder only if the mortgage holder has notified the tax collector of the recorded mortgage.
 

 The court of appeal properly noted:
 

 The Due Process Clause of the 14th Amendment to the United States Con
 
 *195
 
 stitution requires that deprivation of property by adjudication be preceded by notice and opportunity to be heard appropriate to the nature of the case.
 
 Mullane v. Central Hanover Bank & Trust Co.,
 
 339 U.S. 306, [313] 70 S.Ct. 652, [656-657] 94 L.Ed. 865 (1950). An [ fielementary [and fundamental] requirement of due process in any proceeding which is to be accorded finality is notice[] reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.
 
 Id.
 
 [339 U.S. at 314, 70 S.Ct. at 657].
 

 Tietjen,
 
 44,190 at 4-5,17 So.3d at 21.
 

 The sale of property for nonpayment of taxes is an action that affects a property right protected by the 14th Amendment.
 
 Mennonite Board of Missions v. Adams,
 
 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983). In
 
 Mennonite,
 
 the court recognized that the mortgagee has a legally protected property interest and is entitled to notice reasonably calculated to apprise the mortgagee of a pending tax sale. 462 U.S. at 798,103 S.Ct. at 2711.
 

 Following the
 
 Mennonite
 
 decision, the Louisiana Legislature enacted LSA-R.S. 47:2180.1. The statute required the tax collector to send notice to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent, if such mortgage holder has notified the tax collector of such recorded mortgage and paid a fee to defray the cost of providing notice. The statute further provided that notification by the mortgagee to the tax collector shall be renewed annually.
 
 [4]
 

 The court of appeal found the mortgagee and the property owners failed to meet their burden of proving the invalidity of the tax sale for lack of statutory notice. Since the mortgagee did not notify the tax collector of the mortgage, the court of appeal reasoned that notice to the mortgagee was not required. Relying on
 
 Hamilton v. Royal International Petroleum Corporation,
 
 05-0846 (La.2/22/06), 934 So.2d 25,
 
 cert. denied,
 
 549 U.S. 1112, 127 S.Ct. 937, 166 L.Ed.2d 704 (2007), the court of appeal found the lack of post-tax sale notice of redemption rights was insufficient to warrant nullity of the sale. The court noted the legislature did not provide a penalty if the required post-tax sale notice was not provided. Finding the district court erred in declaring the tax sale null and void, the court of appeal reversed the judgment which had been entered in favor of plaintiffs.
 

 Although the plaintiffs pled the unconstitutionality of LSA-R.S. 47:2180.1, the trial court did not address the statute when issuing the ruling after trial on the merits. Likewise, the trial court judgment was silent regarding the statute. In a footnote, the court of appeal declined to address plaintiffs’ argument that LSA-R.S. 47:2180.1 is unconstitutional, noting the plaintiff did not answer the appeal to urge the unconstitutionality of the statute.
 
 Tietjen,
 
 44,190 at 9 n. 5, 17 So.3d at 23 n. 5.
 

 
 *196
 
 Following the court of appeal decision, plaintiffs filed an application for rehearing. In the rehearing application, plaintiffs called the appellate court’s attention to the fact that the return receipt filed of record by the City of Shreveport to support its position that the plaintiffs received notice of the delinquent taxes and pending tax sale did not correspond to the Jordan Street property which had been sold at tax sale.
 
 [5]
 
 Plaintiffs argued there was no evidence of record to prove the property owners received notice prior to the tax sale. Rehearing was denied with two of the five judges on rehearing dissenting.
 

 |7On writ to this court plaintiffs argue the court of appeal erred in finding they, as record owners, were provided with proper notice of the delinquent taxes and pending tax sale. Plaintiffs also argue the court of appeal erred in holding that the mortgagee was not entitled to notice because it failed to comply with the notice provision of LSA-R.S. 47:2180.1.
 
 [6]
 

 Plaintiffs argue the record lacks any evidence that notice of the delinquent taxes and pending tax sale was ever sent to the record co-owners of the property. The return receipt filed into evidence by the City to prove notice relates to an entirely different piece of property and cannot serve as proper notice to the owners of the property at the municipal address of 1017 Jordan Street. Plaintiffs argue the notice sent by the City of Shreveport was inadequate and defective and that defendants cannot rely on the constructive notice by publication to uphold the tax sale in this case.
 

 The City of Shreveport argues the court of appeal correctly concluded that a mortgagee is not entitled to notice unless it has complied with the provisions of LSA-|R.S.s
 
 *197
 
 47:2180.1(A) and that the mortgagee in this case did not comply with the statutory provision requiring notification to the tax collector.
 

 The City of Shreveport also argues the court of appeal properly concluded the record owners were provided with proper notice of the delinquent taxes and pending tax sale. Notice was sent by certified mail to the address of the property on which the taxes were owed. It named the Ti-etjen brothers as addressees. A return receipt was received by the City showing the notice was received at the address to which it was sent. Thus, the City argues the facts clearly show the City complied with the statutory requirement for giving notice of a pending tax sale to a taxpayer.
 
 [7]
 

 Review of the record reflects the City of Shreveport introduced into evidence a copy of the return receipt addressed to Tietjen, Douglas A. and Dwight, 1017 Jordan St., Shreveport, LA 711010000. The return receipt, showing a delivery date of 4/8/02, was signed by Ronnie Ellis and submitted by the City as proof that the property owner received notice of the delinquent taxes and pending tax sale. The City also introduced evidence establishing that notice was published on two occasions prior to the sale in the legal notices in
 
 The Times.
 

 Trial testimony of Douglas Tietjen established he did not recall ever seeing a notice that the property was going to be sold. Additionally, he testified he did not receive a notice that the property had in fact been sold. Douglas Tietjen also testified that Ronnie Ellis was an employee of Tietjen Physical Therapy, Inc., a corporation doing business at the 1017 Jordan Street address. At no time was she employed by either Douglas or Dwight Ti-etjen personally.
 

 19Jason Smith also testified during the trial. He is a senior lending officer and executive vice-president of Citizens National Bank. He testified that there is nothing in the bank record to indicate the bank received notice on or before the tax sale of the property. Had the bank received a notice or otherwise become aware of the tax sale, he should have been made aware of that fact. It was his testimony that the bank did not receive notice of the tax sale subsequent to the tax sale. On cross examination, he acknowledged that, other than the recording of the mortgage in the public record, no specific notice was sent to the tax collector.
 

 The trial court specifically found the testimony of Douglas Tietjen and Jason Smith credible.
 

 Based on the testimony of Douglas Ti-etjen and the evidence submitted that Ronnie Ellis, an employee of the Tietjens’ corporation, signed for the notice of the pending sale, the trial court concluded there was inadequate notice to the Ti-etjens. The trial court found a due process violation under both federal and state constitutions because of lack of proper notice.
 

 Factual determinations are subject to review for manifest error.
 
 Ferrell v. Fireman’s Fund Insurance Co.,
 
 94-1252, pp. 3-4 (La.2/20/95), 650 So.2d 742, 745. In such a review, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one.
 
 Stobart v. State, Department of Transportation and Development,
 
 617 So.2d 880, 882 (La.1993). If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting
 
 *198
 
 as the trier of fact, it would have weighed the evidence differently.
 
 Id.
 
 at 882-883. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous. |
 
 mId.
 
 at 883. Further, where the findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the findings of fact.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). Indeed, where the factfinder’s determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous.
 
 Id.
 
 at 845.
 

 After a thorough review of the record, we find the court of appeal erred in reversing the trial court judgment. The court of appeal was obligated to review the judgment under the manifest error standard of review. Review of the record indicates the trial court judgment holding the tax sale was null and of no effect was supported by the evidence of record. Applying a manifest error standard of review to the trial court judgment, it is evident the trial court did not err in ruling in favor of plaintiffs and against defendant, City of Shreveport. The court of appeal erred in overturning the judgment.
 
 [8]
 

 CONCLUSION
 

 For the foregoing reasons, the decision of the court of appeal is reversed and the judgment of the trial court is reinstated.
 

 REVERSED AND RENDERED.
 

 [1]
 

 . Retired Judge Philip Ciaccio, assigned as Justice
 
 ad hoc,
 
 sitting for Chief Justice Catherine Kimball.
 

 [2]
 

 . In reasons for judgment, the trial court provided "[a]ny remaining issues regarding costs, attorneys’ fees, etc. shall be resolved by stipulation or rule." The judgment signed by the trial judge held the sale was null and void and ordered the judgment be inscribed on the Tax Sale Deed. The judgment did not specifically address recovery pursuant to 42 U.S.C. §§ 1983 and 1988. Because plaintiffs did not appeal the judgment, "any remaining issues” are not before this court.
 

 [3]
 

 . In April 2002, when the City of Shreveport began proceedings to sell the subject property at tax sale, LSA-R.S. 47:2180.1 provided, in part, as follows:
 

 A. On the second day of January each year or as soon thereafter as possible, the tax collector shall address to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent, if such mortgage holder has notified the tax collector of such recorded mortgage, a written notice as provided in R.S. 47:2180 that the taxes on the immovable must be paid within twenty days after the service or mailing of the notice or the property will be sold according to law. The notice shall be sent to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent by certified mail return receipt requested or by personal or domiciliary service on the mortgagee. The notification by the mortgagee to the tax collector shall state the legal description of the immovable property and the name of the record owner. The mortgagee requiring notice of delinquency shall pay the sum of five dollars annually, per assessment, to the sheriff to defray the cost of providing the notice. The notification by the mortgagee to the tax collector shall be renewed annually.
 

 [4]
 

 . LSA-R.S. 47:2180 and 47:2180.1 were repealed by 2008 La. Acts, No. 819 § 1, effective January 1, 2009. LSA-R.S. 47:2153 and 47:2159 were enacted in the same legislation. In comments following LSA-R.S. 47:2153, it is indicated, "This Section consolidates and generally reproduces the substance of former R.S. 47:2180, 2180.1 and 2181 with certain modifications.” LSA-R.S. 47:2153, Comment (a). The comment following LSA-R.S. 47:2159 states: "This Section reproduces the substance of former R.S. 47:2180.1(A). See also former R.S. 47:2101(B)(2). It also expands the persons who may request the notice from mortgagees only to any person.”
 

 [5]
 

 . This fact had not been noticed by the parties or the trial court prior to judgment and appeal. In support of their argument, plaintiffs cited LSA-C.C.P. art. 2133(B) which provides:
 

 A party who does not seek modification, revision, or reversal of a judgment in an appellate court ... may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs.
 

 [6]
 

 . Initially, this court granted the writ application with the intent to address the constitutionality of LSA-R.S. 47:2180.1. We acknowledge that the courts of appeal have split on the issue of whether a mortgagee is due notice of delinquent taxes and pendency of a tax sale if the mortgagee is readily discernible on the public records, but has not notified the tax collector of the existence of its mortgage and paid the required fee.
 
 See 3525 North Causeway Blvd. Corporation. v. Penney,
 
 07-0883 (La.App. 5 Cir. 3/11/08), 982 So.2d 195,
 
 writ denied,
 
 08-0771 (La.5/30/08), 983 So.2d 905;
 
 Koeppen v. Raz,
 
 29,880 (La.App. 2 Cir. 10/29/97), 702 So.2d 337;
 
 Hodges Ward Purrington Properties v. Lee,
 
 601 So.2d 358, (La.App. 5 Cir. 1992).
 
 Compare, Weatherly v. Optimum Asset Management, Inc.,
 
 04—2734 (La.App. 1 Cir. 12/22/05), 928 So.2d 118;
 
 In re Raz,
 
 03-0893 (La.App. 1 Cir. 2/23/04), 871 So.2d 363;
 
 Bank of West Baton Rouge v. Stewart,
 
 00-0114 (La.App. 1 Cir. 2/16/01), 808 So.2d 464;
 
 Smith v. Brooks,
 
 97-1338 (La.App. 3 Cir. 4/15/98), 714 So.2d 735
 
 writ not considered,
 
 98-1869 (La.10/30/98), 723 So.2d 969.
 

 Because we resolve this matter on non-constitutional grounds and the lower courts did not rule on the constitutionality of the statute, we choose to exercise judicial restraint and will not address the constitutional issue. This court has consistently held that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of the constitutional issue is essential to the decision of the case or controversy.
 
 Ring v. State, Department of Transportation and Development,
 
 02-1367, p. 4 (La.1/14/03), 835 So.2d 423, 426;
 
 State v. Fleming,
 
 01-2799, p. 4 (La.6/21/02), 820 So.2d 467, 470. Courts should avoid constitutional rulings when the case can be disposed of on non-constitutional grounds.
 
 Ring,
 
 02-1367 at 5, 835 So.2d at 427;
 
 Blanchard v. State Parks and Recreation Commission,
 
 96-0053, p. 3 (La.5/21/96), 673 So.2d 1000, 1002.
 

 [7]
 

 . During oral argument before this court, the City acknowledged the taxes have been paid and it has no interest in who owns the property.
 

 [8]
 

 . We acknowledge plaintiffs' argument that the City of Shreveport introduced a return receipt referencing a separate piece of property owned by Douglas and Dwight Tietjen which was not at issue in this litigation. Review of the record reveals the documentary evidence introduced by the city does not correspond to the property on Jordan Street.
 

 Nevertheless, because we resolve this matter on other grounds, we pretermit discussion of plaintiffs’ argument.