# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT
## 19-228


**LARTO LAKE, LLC**

**VERSUS**

**SIT GENERAL PARTNER, LLC, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 28,971
HONORABLE JOHN C. REEVES, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**JONATHAN W. PERRY**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Shannon J. Gremillion, Candyce G. Perret, and Jonathan W. Perry, Judges


**AFFIRMED.**

**Michael E. Kramer**
**Attorney at Law**
**6658 Kinloch Street**
**Winnsboro, LA 71295**
**(318) 435-7525**
**Counsel for Defendant/Appellant:**
    **SIT II, LLC**

**Jonathan T. Gaspard**
**The Gaspard Law Firm**
**P. O. Box 546**
**Marksville, LA 71351**
**(318) 240-7329**
**Counsel for Plaintiff/Appellee:**
    **Larto Lake, LLC**

**Bradley Burget**
**Attorney at Law**
**P. O. Box 298**
**Jonesville, LA 71343**
**(318) 339-8526**
**Counsel for Plaintiff/Appellee:**
    **Larto Lake, LLC**

**Ronald S. Bryant**
**Usry, Weeks & Matthews**
**1615 Poydras, Suite 1250**
**New Orleans, LA 70112**
**(504) 592-4600**
**Counsel for Defendant:**
    **Catahoula Parish Sheriff Toney Edwards**

**PERRY, Judge.**

SIT II, LLC ("SIT II") appeals the trial court's grant of summary judgment in favor of Larto Lake, LLC ("Larto Lake"), ordering the annulment of a tax sale. We affirm.

### FACTS AND PROCEDURAL HISTORY

By cash deed dated May 15, 2010, Acalre Holdings, LP ("Acalre") sold certain immovable property in Catahoula Parish, Louisiana to Larto Lake. Listed as the address for both Acalre and Larto Lake was 534 Wisteria Street, Bellaire, TX 77401. David Ferdman was listed as the managing partner for each company. After receiving tax notices at the 534 Wisteria Street, Bellaire, TX 77401 address, Larto Lake paid the property taxes for 2010 and 2011. However, the property taxes for 2012 were unpaid. The Tax Collector for Catahoula Parish ("Tax Collector") mailed a "Notice of Delinquent Taxes" to Larto Lake at 534 Wisteria Street, Bellaire, TX 77401. This notice was returned bearing the United States Postal Service mark "RETURN TO SENDER, UNCLAIMED, UNABLE TO FORWARD" as of March 21, 2013, and a different address, 5202 Braeburn Drive, Bellaire, TX 77401-4815, was handwritten on the front of the envelope. Without further investigation, on May 8, 2013, the Tax Collector sold the immovable property to SIT II at a tax sale.

The Tax Collector mailed notice of the tax sale to Larto Lake at the 5202 Braeburn Drive, Bellaire, TX 77401-4815 address as well as the 534 Wisteria Street, Bellaire, TX 77401 address. The notices were returned marked "RETURN TO SENDER, UNCLAIMED, UNABLE TO FORWARD." In addition to the Tax Collector's notice, SIT II sent at least seven certified letters to Larto Lake at the 534 Wisteria Street, Bellaire, TX 77401 address, attempting to advise it of the tax sale. All those letters were returned "unclaimed."

On October 5, 2017, Larto Lake filed suit against SIT II, LLC[1] seeking the annulment of the tax sale and the recovery of title to the subject immovable property. Larto Lake alleged that the required notices regarding delinquent property taxes and the subsequent notice of tax sale were never received. SIT II contended the notices forwarded to Larto Lake, despite being returned, constituted reasonable notice under the circumstances sufficient to satisfy the notice requirements of Louisiana law.

On August 22, 2018, Larto Lake moved for summary judgment, alleging there was no dispute as to the material facts. SIT II filed an opposition to the motion for summary judgment. After conducting a hearing, the trial court granted Larto Lake's motion for summary judgment.

SIT II now appeals the trial court judgment, contending the trial court erred in finding that there was no dispute as to the material facts concerning the sufficiency of service of the Notice of Tax Sale dated May 8, 2013, whereby SIT II purchased property belonging to Larto Lake.

### STANDARD OF REVIEW

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 06-63 (La. 11/29/06), 950 So.2d 544. It is well accepted that an appellate court reviews a motion for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law.

---

[1] Originally, Larto Lake sued SIT GENERAL PARTNER, LLC ("SIT GENERAL PARTNER"). Later, after Larto Lake was met with a peremptory exception of no right of action, it cured the improperly named defendant by substituting SIT II as the proper. SIT GENERAL PARTNER then dismissed its peremptory exception, and the matter continued against SIT II.

*Wright v. La Power & Light*, 06-181 (La. 3/9/07), 951 So.2d 1058.  A motion for summary judgment is properly granted only if the pleadings, memoranda, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law.[2]  La.Code Civ.P. art. 966(A)(4).  A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute.  *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So.2d 764.  "A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate."  *Larson v. XYZ Ins. Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416.

The burden of proof remains with the mover to show that no material issues of fact exist.  La.Code Civ.P. art. 966(D).  The mover must present supportive evidence that the motion for summary judgment should be granted.  *Robicheaux v. Adly,* 00-1207 (La.App. 3 Cir. 1/31/01), 779 So.2d 1048.  Once the mover has made a prima facie showing that the motion for summary judgment should be granted, the burden of proof shifts to the nonmoving party to present evidence demonstrating the existence of issues of material fact which preclude summary judgment.  *Hayes v. Autin*, 96-87 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41.

---

[2] In addition to the pleadings and supporting memoranda, the following were entered into evidence at the hearing on the motion for summary judgment: (1) the cash sale from Aclare to Larto Lake; (2) the annual reports of Larto Lake filed with the Louisiana Secretary of State from 2009-2016; (3) the certified copy of the tax sale to SIT II along with the newspaper advertisements; (4) the deposition of and responses to interrogatories from Mr. Robert Swayze, an employee of the Tax Collector; (5) the deposition of and responses to interrogatories from Vernon Pettigrew, an officer of SIT II; (6) two affidavits, one from Jacque B. Pecheu, the registered agent of Larto Lake in Louisiana, and David H. Ferdman, the owner of Larto Lake; (7) the various notices sent by the Tax Collector and the returned mail; and (8) the various post-tax sale letters sent by SIT II to Larto Lake and evidence of the failed attempts at delivery.

**ON THE MERITS**

SIT II contends that whether the notices of tax sale were mailed to Larto Lake's correct address is a material fact which is in dispute. Thus, it urges us to find the trial court erred when it granted Larto Lake's motion for summary judgment.

This tax sale case comes to us on a grant of a motion for summary judgment filed by the tax debtor; thus, the primary legal issue is whether the lower court correctly found that summary judgment in favor of the tax debtor was warranted. Because the trial court granted summary judgment in favor of the tax debtor, accepting its claim that the tax sale was null and void because it was conducted without affording due process of law to the record property owner, the law governing tax sales underlies our review of the grant of summary judgment.

It is well-settled that, under the Fourteenth Amendment to the United States Constitution and La.Const. art. 1, § 2,[3] deprivation of property by adjudication must be preceded by notice and opportunity to be heard appropriate to the nature of the case. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652 (1950); *Tietjen v. City of Shreveport*, 09-116 (La. 5/11/10), 36 So.3d 192. In *Mullane*, 339 U.S. at 314, the Supreme Court established that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See also Tietjen*, 36 So.3d at 195; *Hamilton v. Royal Int'l*

---

[3] Louisiana Constitution Article 1, §2, provides that "No person shall be deprived of life, liberty, or property, except by due process of law."

4

*Petroleum Corp.*, 05–846 (La. 2/22/06), 934 So.2d 25, *cert. denied*, 549 U.S. 1112, 127 S.Ct. 937 (2007).

In *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706 (1983), the Supreme Court recognized that the sale of property for nonpayment of taxes is an action affecting a property right protected by the Due Process Clause of the Fourteenth Amendment. In *Mennonite*, the mortgagee of a property contested a tax sale that occurred after the homeowner had failed to pay her property taxes. The mortgagee was not provided notice of the homeowner/mortgagor's delinquent payment of the taxes or the subsequent tax sale. The Supreme Court held that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale" and, therefore, "is entitled to notice reasonably calculated to apprise him of a pending tax sale." *Id*. at 798. The Supreme Court stated: "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Id*. at 800. Because the mortgagee was not afforded its constitutional right to due process, the Supreme Court reversed the decision that upheld the tax sale.

Article 7, Section 25(A)[4] of the Louisiana Constitution of 1974 requires the tax collector to provide notice of the tax delinquency and the tax sale to all owners of record of any interest in the property. *Lewis v. Succession of Johnson*, 05–1192

---

[4] In pertinent part, La.Const. art. 7, § 25(A) states:

> (A) Tax Sales. There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due.

(La. 4/4/06), 925 So.2d 1172.[5]  In La.R.S. 47:2153,[6] the legislature set forth the

manner by which notice of delinquencies in immovable property taxes must be

provided in compliance with La.Const. art. 7, § 25(A).  Louisiana Revised Statutes

47:2153 provides in pertinent part:

> (A)(1)(a) No later than the first Monday of February of each year, or as soon thereafter as possible, the tax collector shall send a written notice by certified mail, return receipt requested, to each tax notice party when the tax debtor has not paid all the statutory impositions which have been assessed on immovable property, notifying the person that the statutory impositions on the immovable property shall be paid within twenty days after the sending of the notice or as soon thereafter before the tax sale is scheduled, or that tax sale title to the property will be sold according to law. . . .
>
> . . . .
>
> (C)(1) In the absence of actual notice of the sale to a tax sale party, including a transferee, or the demonstration of a reasonable effort to provide notice, where the name and address of the tax sale party were reasonably ascertainable or where the transfer was recorded after the tax sale collector completed his pre-sale tax sale party research, the tax collector shall cancel the sale of the property and refund the tax sale purchaser the tax sale purchase price.

Thus, under Louisiana law, as stated in *Lewis*, 925 So.2d at 1177:

---

[5] As noted in *Cent. Properties v. Fairway Gardenhomes, LLC*, 16-1855 (La. 6/27/17), 225 So.3d 441, the *Lewis* decision was superseded, in part, by statute.  In footnote 3 of *Cent. Properties,* 225 So.3d at 447, the court stated:

> [T]he legislature changed the law in 2008 with regard to the manner by which notice of delinquencies in immovable property taxes must be provided in compliance with La. Const. art. VII, § 25. [*Smitko v. Gulf South Shrimp, Inc.* 11-2566 (La. 7/2/12), 94 So.3d 750], for example, analyzed the law prior to the 2008 amendment, namely former La. Rev. Stat. 47:2180.  Under the former law, "in order to give property owners reasonable notice so as not to deprive them of constitutionally protected property rights, the tax collector [was] required to provide 'each taxpayer' with written notice, sent by certified mail return receipt requested, alerting each record owner of the immovable property that the owner's failure to pay the taxes within twenty days will result in the sale of the property." *Smitko*, pp. 10–11, 94 So.3d at 757 (quoting *C & C Energy*, 09–2160, p. 7, 41 So.3d at 1139). Failure to provide this notice was deemed fatal to a tax sale. *Id.* (relying on *Lewis*, 05–1192, pp. 8–9, 925 So.2d at 1177, and *C & C Energy*, 09–2160, pp. 6–7, 41 So.3d at 1139)).

[6] The provisions relative to the payment and collection procedure and tax sales were revised in 2008.  As noted in the Comments-2008, to La.R.S. 47:2153, "This Section consolidates and generally reproduces the substance of former R.S. 47:2180, 2180.1 and 2181 with certain modifications."

6

[I]n order to give property owners reasonable notice so as not to deprive them of constitutionally protected property rights, the tax collector is required to provide 'each taxpayer' with written notice, sent by certified mail return receipt requested, alerting each record owner of the immovable property that the owner's failure to pay the taxes within twenty days will result in the sale of the property.

It is well settled that the giving of notice of tax delinquency required by La.Const. art. 7, § 25(A)(1) is mandatory and that failure to give this notice is constitutional grounds for the annulment of a tax sale. *Hamilton,* 934 So.2d 25. Whether a tax collector has properly notified a delinquent taxpayer of an impending tax sale, a fundamental due process right, must be closely scrutinized by the courts should the notice be challenged. *Id.* Due process requires that such notice must be sent by mail or other means certain to ensure actual notice if the party's name and address are reasonably ascertainable. *Vincson, Inc. v. Ingram*, 01-655 (La.App. 1 Cir. 11/8/02), 835 So.2d 813.

Where the tax debtor's correct address is known and used, certified mail with return receipt requested is a reasonable method of notifying the tax debtor of the impending tax sale. *Id.* at 815; *Dennis v. Vanderwater*, 498 So.2d 1097 (La.App. 3 Cir. 1986), *writ denied*, 501 So.2d 211 (La. 1987). However, where the mailing of a tax notice is required, and a mailed notice is returned to the tax collector undelivered or unclaimed, the tax collector must take additional reasonable steps to notify the tax debtor of a delinquency. *Lewis*, 925 So.2d 1172; *Childress v. Johnson*, 387 So.2d 1217 (La.App. 1 Cir.), *writ refused*, 393 So.2d 744 (La.1980). As the court in *Lewis* explained, "[t]he requirement that the tax collector take additional reasonable steps to notify a delinquent taxpayer is a long-standing principle." *Lewis*, 925 So.2d at 1178; *see also Adsit v. Park*, 144 La. 934, 940, 81 So. 430, 432 (1919) (finding that "when informed that the notice had not been delivered to the tax debtor, the tax collector should have used some diligence to

make an effective service of notice; and that his failure in that respect was fatal to the tax sale."). To determine the reasonableness of the tax collector's actions, the methods of attempted notice must be examined. Advertisements of tax sales have generally been held as insufficient to provide notice, except in the case of unknown owners whose identities are not readily ascertainable. *Lewis*, 925 So.2d 1172. Thus, notice of the tax delinquency by publication of an advertisement for an upcoming tax sale, alone, does not pass constitutional muster if the owners of the property can be identified or are easily discovered. *Id.*

In *Lewis*, the supreme court noted that "a simple search of the conveyance records would have revealed the addresses of the co-owners" who did not receive notice of the tax sale by mail. *Id.* at 1182. In *Vincson, Inc.*, 835 So.2d 813, the notice mailed by the sheriff was returned marked "FOE" (FORWARDING ORDER EXPIRED). In that case, the court observed that as the delinquent taxpayer was a corporation, required to file annual reports with the secretary of state, a "simple call by the [s]heriff would have provided him with the correct address for notice and was an additional reasonable step that should have been taken[.]" *Id* at 816.

In the present case, the Tax Collector was made aware that the address for Larto Lake was incorrect when the notice was returned with the notation "RETURN TO SENDER, UNCLAIMED, UNABLE TO FORWARD."[7] Larto Lake, as a Texas limited liability company who had applied for authority to transact business in Louisiana, was required to and did file annual reports with the Louisiana Secretary of State. In those filings, not only is the principal office address of the limited liability company shown, its registered office address in Louisiana and the registered agent's name and address in Louisiana are provided. This information

---

[7] The returned notice also shows that someone, whether it was the postal authorities in Texas or someone else, struck out the address and inscribed a replacement address of 5202 Braeburn Dr., Bellaire, TX 77401-4815.

was reasonably ascertainable by simply contacting the Louisiana Secretary of State's office. As such, the Tax Collector could not merely rely on publication as a means of notice. He was required to take additional reasonable steps to ascertain the correct address and notify Larto Lake to comply with the mandate of due process.

When the current address of a limited liability company tax debtor is on file with the Secretary of State, the tax debtor's address is reasonably ascertainable. Mere reliance on notification by publication, without taking additional reasonable steps to locate the correct address and notify the tax debtor, constitutes ineffective notice and violates the tax debtor's right to due process. *Vincson*, 835 So.2d 813. It is clear Larto Lake in its motion for summary judgment has established a defect in the tax adjudication proceedings, namely a lack of notice. SIT II's opposition has failed to establish a genuine issue of material fact sufficient to defeat Larto Lake's motion for summary judgment. SIT II's contention that Larto Lake failed to establish that the address to which the tax notice was mailed was not the correct address is belied by the postal notation on the returned mail, "RETURN TO SENDER, UNCLAIMED, UNABLE TO FORWARD." Therefore, we find the trial court properly granted Larto Lake's motion for summary judgment which declared the tax sale null and void.

## DISPOSITION

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED.**