| | | |
|---|---|---|
| IN RE: FLAG BOY PROPERTIES, LLC PRAYING FOR MONITION | * | NO. 2021-CA-0644 |
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

| | |
|---|---|
| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
| FLAG BOY PROPERTIES, LLC | NO. 2021-CA-0645 |
| VERSUS | |
| THE CITY OF NEW ORLEANS, THE UNOPENED SUCCESSION OF PATRICIA L. MAJOR AND HENRY MAJOR, SR. | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-01263, DIVISION "M"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*
**On Application for Rehearing**

(Court composed of Judge Edwin A. Lombard, Judge Paula A. Brown, Judge Tiffany Gautier Chase)

Jonah A. Freedman
Jonah Freedman Law, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLEE

Scott J. Sonnier
650 Poydras Street, Suite 1400
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLANT

 

**REHEARING GRANTED FOR THE LIMITED PURPOSE OF CLARIFICATION; APPELLATE JUDGMENT OF MARCH 10, 2022 MAINTAINED**
**MARCH 30, 2022**

Appellee, Flag Boy Properties, LLC (hereinafter "Flag Boy"), petitions this Court for a rehearing of our March 10, 2022 decision, which reversed the trial court's judgment granting Flag Boy's motion for summary judgment. Flag Boy contends that this Court's conclusion, that the property at issue was not blighted at the time of the tax sale, is not supported by any existing statutory authority. We grant rehearing solely to clarify a fundamental principle addressed in our original opinion.

As stated in our original opinion, a property that is deemed blighted at the time of the tax sale is subject to the eighteen-month redemptive period. La. Const. art. VII, § 25(B)(2). The facts presented to this Court established that the property at issue was not blighted at the time of the 2018 tax sale. Specifically, that the September 23, 2014 judgment found the property "in compliance" as certain violations had been abated. We further clarify our original opinion to express that while the City of New Orleans did not issue a certificate of compliance, the September 23, 2014 judgment serves as sufficient proof of compliance by the

1

homeowner. Therefore, as of September 23, 2014 the property was no longer adjudicated as blighted, as it was deemed "in compliance," and the three-year redemptive period applies.

We further emphasize that this Court's original analysis highlights the fundamental constitutional right of a homeowner and the procedures implemented to protect that right. "The sale of property for nonpayment of taxes is an action that affects a property right protected by the [Fourteenth] Amendment." *Tietjen v. City of Shreveport*, 2009-2116, p. 5 (La. 5/11/10), 36 So.3d 192, 195 (citation omitted). "Both the Fourteenth Amendment to the United States Constitution and Art. 1, § 2 of the Louisiana Constitution guarantee due process of law before the deprivation of life, liberty, or property." *Surcouf v. Darling*, 2015-0278, p. 8 (La.App. 4 Cir. 10/21/15), 177 So.3d 1085, 1091. It is the duty of this Court to uphold that guaranteed right and our holding is consistent with the existing jurisprudence and statutory authority. As clarified herein, the original opinion of this Court is affirmed.

**REHEARING GRANTED FOR THE LIMITED PURPOSE OF CLARIFICATION; APPELLATE JUDGMENT OF MARCH 10, 2022 MAINTAINED**